**SEALED**

REDACTED COPY

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION**

FILED
2012 DEC 12  AM 10:30
WESTERN DISTRICT OF TEXAS
U.S. CLERK'S OFFICE
BY_____ DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | **INDICTMENT** |
| | § | |
| | § | COUNT ONE: 18 U.S.C. § 1343, Wire |
| v. | § | Fraud; |
| | § | COUNT TWO: 18 U.S.C. § 666(a)(2), |
| | § | Paying a Bribe to an Agent of an |
| JAVIER GONZALEZ | § | Organization Receiving Federal Funds. |

**DR 12CR1905**

THE GRAND JURY CHARGES:

At All Times Material To This Indictment:

1. On May 16, 2011, JAVIER GONZALEZ submitted a bid to Maverick County, Texas to provide the labor to build a sidewalk on Lago Vista Street in Precinct 4 of Maverick County, Texas. The sidewalk was to run from the intersection of Potro Street and Lago Vista Street to the end of Lago Vista Street. The bid indicated that Javier Gonzalez construction would be paid a total of $35,100 for the project, with $13,050 to commence work.

2. Maverick County's arrangement with contractors who provided labor was that the contractor would receive an initial payment, often times up to fifty percent of the project's cost, to commence work. When the project was complete the contractor would submit an invoice indicating the project was finished and then the remainder of the funds would be paid.

3. On May 23, 2011, JAVIER GONZALEZ submitted an invoice on behalf of Javier Gonzalez Construction to Maverick County requesting $13,050 to commence work.

4. On May 24, 2011, Maverick County issued a check to Javier Gonzalez Construction for $13,050.

5.  On May 24, 2011, JAVIER GONZALEZ submitted a second invoice to Maverick County for the Lago Vista Street sidewalk project requesting the balance due of $22,050.

6.  On May 25, 2011, JAVIER GONZALEZ deposited the $13,050 check into a Compass Bank account.

7.  On May 26, 2011, Maverick County issued a check for $22,050 to Javier Gonzalez Construction for the completion of the sidewalk.

8.  On May 26, 2011, the $22,050 check was deposited by JAVIER GONZALEZ into a Compass Bank account.

9.  As of December 3, 2012, no sidewalk was built on Lago Vista Street.

10. JAVIER GONZALEZ in fact made a cash payment to a Maverick County employee working in the Maverick County Auditor's Office when he received each check as listed above. Both checks were issued without undergoing the appropriate internal review process by Maverick County.

## COUNT ONE
[18 U.S.C. § 1343]

11. Paragraphs One through Ten above are realleged and incorporated by reference as if fully set forth herein.

12. From on or about May 16, 2011, to on or about May 27, 2011, in the Western District of Texas, Defendant,

JAVIER GONZALEZ,

devised and intended to devise a scheme to defraud Maverick County, Texas, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises. It was part of the scheme described above that the Defendant, for the purpose of executing the scheme, caused to be transmitted by means of wire communication in interstate

commerce the signals and sounds described below for each count, that is wire transfers of information for the processing of cashed or deposited checks, each transmission constituting a separate count:

13. COUNT ONE: on May 26, 2011, a check drafted for $22,050 from Maverick County, Texas paid to the order of Javier Gonzalez Construction, was deposited and endorsed by JAVIER GONZALEZ at Compass Bank.

## COUNT TWO
### [18 U.S.C. § 666(a)(2)]

14. Paragraphs One through Ten above are realleged and incorporated by reference as if fully set forth herein.

15. At all times material to this indictment Maverick County, Texas was a local government that received in the one year period beginning on January 1, 2011 benefits in excess of $10,000 under Department of Homeland Security Grant Program Operation Stonegarden.

16. Between on or about January 1, 2011 and on or about June 1, 2011, in the Western District of Texas, the Defendant,

### JAVIER GONZALEZ

did corruptly give, offer, and agree to give a thing of value to a person who was an agent or employee of Maverick County, intending to influence and reward a person in connection with a transaction and series of transactions of Maverick County involving $5,000 or more, in violation of 18 U.S.C. § 666(a)(2).

A TRUE BILL.

ROBERT PITMAN
United States Attorney

By: _____
MICHAEL C. GALDO
Assistant United States Attorney

SEALED:
UNSEALED: XX

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

COUNTY: Maverick  USAO #: 2012R21099

DATE: December 12, 2012  MAG. CT. #: MATTER

DR 12CR1905

AUSA: MICHAEL C. GALDO

DEFENDANT: JAVIER GONZALEZ

CITIZENSHIP: U.S.

INTERPRETER NEEDED: No   Language: English

DEFENSE ATTORNEY: N/A

ADDRESS OF ATTORNEY: N/A

DEFENDANT IS          DATE OF ARREST:   N/A

BENCH WARRANT NEEDED:

PROBATION OFFICER: N/A

NAME AND ADDRESS OF SURETY: N/A

YOUTH CORRECTIONS ACT APPLICABLE: NO

PROSECUTION BY: SEALED INDICTMENT

OFFENSE: (Code & Description): Count 1: 18 U.S.C. § 1343 – Wire Fraud; Count 2: 18 U.S.C. § 666 – Paying Bribe To An Agent of Organization Receiving Federal Funds.

OFFENSE IS A: FELONY

MAXIMUM SENTENCE: Count 1: up to 20 years imprisonment; a $250,000 fine; 5 years of supervised release; Count 2: up to 10 years imprisonment; a $250,000 fine; 3 years of supervised release; and a $100 special assessment on all counts.

PENALTY IS MANDATORY: YES & NO

REMARKS:  See above         W/DT-CR-3